# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *MIKE BAUMANN, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF LORA MAE BAUMANN,* | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 3:18-cv-1786 ) ) |
| *CALHOUN NURSING AND REHABILITATION CENTER, LLC,* | ) ) ) |
| Defendant. | ) ) |

## ANSWER OF DEFENDANT

Comes now defendant, by and through its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Answer to Plaintiff's Complaint, states as follows:

## GENERAL ALLEGATIONS

1. Defendant denies the allegations contained in paragraph 1, as the events complained of occurred only in Calhoun County, Illinois.

2. Defendant admits that plaintiff's allegations contained within in the Complaint relate to Lora Mae Baumann's residency at defendant's facility in Hardin, Illinois. Defendant further admits that Lora Mae Baumann was a resident of defendant's facility from on or about February 8, 2012 to June 14, 2012.

## COUNT I – NURSING HOME CARE ACT VIOLATIONS

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant admits the allegations contained in paragraph 6.

10402074.1

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9, including all subparagraphs.

10. Defendant denies the allegations contained in paragraph 10.

WHEREFORE, having answered Count I of plaintiff's Complaint, defendant seeks dismissal of Count I.

## COUNT II – WRONGFUL DEATH ACT

1-2. Defendant incorporates by reference its responses to paragraphs 1-2 as paragraphs 1-2 of this Count.

3-10. Defendant incorporates by reference its responses to paragraphs 3-10 as paragraphs of 3-10 of Count II.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant has insufficient information with which to admit or deny the allegations contained in paragraph 12, and therefore denies same.

## AFFIRMATIVE DEFENSES

1. In further answer and for its defense, Defendant states that it is entitled to a reduction to the amount of any recovery in favor of Plaintiff as set forth in 735 ILCS 5/2-1205.

2. In further answer and for its defense, Defendant states that any amounts due Plaintiff must be reduced by the proportion of Plaintiff's negligence pursuant to the comparative fault principles set forth in 735 ILCS 5/2-1116.

3. In further answer and for its defense, should a judgment be entered against this Defendant, Defendant prays for a determination and apportionment of fault between this

10402074.1

Defendant and any other persons and/or entities who may or may not be parties at the time this case is submitted to the jury or trier of facts, who caused or contributed to cause any alleged injuries or damages claimed by Plaintiff in this Complaint.

4. In further answer and for its defense, to the extent Plaintiff has been compensated for any alleged damages by receiving payment from other persons or entities, the amount of compensation should be set-off against any recovery Plaintiff may receive in this action.

5. In further answer and for its defense, Plaintiff has failed to state a claim upon which relief can be granted.

6. In further answer and for its defense, Defendant states that it exercised all care reasonably necessary to prevent the alleged deprivation and alleged injury for which liability is asserted.

7. In further answer and for its defense, Plaintiff's alleged injuries were proximately caused by an unforeseeable independent, intervening and/or superseding event(s) beyond the control, and unrelated to the conduct of this Defendant. Defendant's alleged acts, if any, were superseded by the wrongful conduct of others.

8. In further answer and for its defense, Defendant states that the carelessness and/or negligence of Plaintiff caused or contributed to cause whatever injuries or damages Plaintiff may have allegedly suffered, if any, and for that reason, Plaintiff may not recover from Defendant and/or any recovery by Plaintiff must be reduced in accordance with the percentage of Plaintiff's comparative fault per the principles set forth in 735 ILCS 5/2-1116.

9. In further answer and for its defense, Plaintiff's alleged injuries and damages were caused or contributed to be caused by her pre-existing comorbidities.

10402074.1

10. In further answer and for its defense, Defendant states that Plaintiff has failed to mitigate her damages, and for that reason, Plaintiff may not recover from Defendant and/or any recovery by Plaintiff must be reduced to the extent Plaintiff failed to mitigate her damages.

11. In further answer and for its defense, Defendant states that Plaintiff's claims are barred by the applicable statute of limitations.

12. In further answer and for its defense, Defendant states that Plaintiff has failed to file the health care professional's report and certificate of merit required by 735 ILCS 5/2-622, and this matter should be dismissed.

13. In further answer and for its defense, Defendant states that Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join all parties who are necessary and/or indispensable to adjudication of this action.

14. In further answer and for its defense, Defendant states that a valid arbitration agreement was executed and upon dismissal of the wrongful death claim this matter should be referred to arbitration.

15. Defendant hereby reserves the right to plead any additional affirmative defenses that may be appropriate based upon additional facts learned through the discovery process.

WHEREFORE, having fully answered Plaintiff's Complaint and filing Motions to Dismiss Counts II and III contemporaneously herewith, Defendant Granite Nursing and Rehabilitation Center, LLC prays to be dismissed with costs to Plaintiff and for such other and further relief as the Court deems proper and just.

**DEFENDANT DEMANDS TRIAL BY JURY OF TWELVE**

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Stephen M. Strum*
Stephen M. Strum, #6200251
Jonathan W. McCrary, #6314603
600 Washington Avenue
15th Floor
St. Louis, Missouri 63101-1880
314-231-3332
314-241-7604 (Fax)
E-mail: sstrum@sandbergphoenix.com
jmccrary@sandbergphoenix.com

*Attorneys for Defendant*
*Calhoun Nursing and Rehabilitation Center, LLC*

### Certificate of Service

I hereby certify that on the 3rd day of October, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Kenneth B. Graves
Graves Law Office
938 South Fourth Street
Springfield, IL   62703
kengraves@kengraveslaw.com
kengraves@driveagainnow.com

*/s/ Stephen M. Strum*

10402074.1